UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARNULFO AVILA-MARTINEZ,
an individual,

        Plaintiff,

  v.

WELLS FARGO BANK, N.A.,
Successor by merger to WELLS
FARGO BANK SOUTHWEST, N.A.,
f/k/a WORLD SAVINGS BANK,
FSB.; NDexWEST, LLC, a
Delaware Corporation; BEST WAY
REAL ESTATE, INC., d/b/a
GOLDEN LENDING GROUP, a
suspended California
Corporation, and DOES 1
through 100, inclusive,

        Defendants.

No. 2:11-cv-02154-MCE-KJN

**ORDER**

----oo0oo----

On August 30, 2011, just over two days before Plaintiff's property is scheduled to be sold on September 2, 2011 pursuant to a Notice of Trustee's Sale initially recorded in Solano County on September 20, 2010, Plaintiff has filed the Ex Parte Application for Temporary Restraining Order now before the Court.

1

1  That Ex Parte Application seeks to restrain and enjoin Defendants
2  "from commencing, continuing, maintaining or conducting any
3  action, including, but not limited to, a Trustee's Sale or other
4  foreclosure proceeding or other proceeding of any kind" during
5  the pendency of Plaintiff lawsuit.  Pl.'s Appl., 2:1-7.
6       Plaintiff's lawsuit was originally filed in the Superior
7  Court of the State of California in and for the County of Solano
8  on July 13, 2011.  The Complaint contains five causes of action
9  alleging violations of several California statutes in connection
10 both with the issuance of Plaintiff's home loan in 2005 and
11 subsequent foreclosure proceedings which began in 2010.  Claims
12 for fraud and breach of the implied covenant of good faith and
13 fair dealing are also made.  Although a final claim for
14 declaratory relief is asserted to request judicial determination
15 that Defendants' right to foreclosure has been rendered void
16 under the circumstances, the gravamen of Plaintiff's complaint,
17 as the prayer reflects, is a request for various forms of money
18 damages, including compensatory, special, general treble and
19 punitive damages as well as attorney's fees and costs.  While
20 Plaintiff does request a "postponement of the non-judicial
21 foreclosure sale", at no point in the complaint does he allege
22 any entitlement to equitable relief in the form of an injunction
23 prohibiting the foreclosure altogether.  Plaintiff nonetheless
24 now asks for an emergency order halting foreclosure proceedings
25 in their entirety despite the fact that such proceedings have
26 been pending for over fourteen months, and despite the fact that
27 a Notice of Trustee's Sale was initially recorded, according to
28 Plaintiff's Application, almost a year ago.

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy by clear and convincing evidence. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 (9th Cir. 2001).

As recognized by the Supreme Court in Winter v. Natural Resources Defense Council, 129 S. Ct. 365 (2008), the party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 129 S. Ct. at 374.

Alternatively, under the so-called sliding scale approach, as long as the Plaintiff demonstrates the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045 1049-53 (9th Cir. 2010) (finding that sliding scale test for issuance of preliminary injunctive relief remains viable after Winter).

///
///

1    The propriety of a temporary restraining order, in
2 particular, hinges on a significant threat of irreparable injury
3 (<u>Simula, Inc. Autoliv, Inc.</u>, 175 F.3d 716, 725 (9th Cir. 1999))
4 that must be imminent in nature.  <u>Caribbean Marine Serv. Co. v.</u>
5 <u>Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

6    Having considered the documents presented, the Court finds
7 that Plaintiff has failed to demonstrate even a threshold showing
8 of irreparable injury.  Plaintiff's Complaint itself, on which
9 his temporary restraining order request necessarily rests, seeks
10 primarily money damages as stated above and offers no hint
11 whatsoever as to why money damages cannot adequately compensate
12 Plaintiff for any harm he may have suffered at the hands of
13 Defendants.  Damages compensable through money cannot provide the
14 irreparable harm required for the extraordinary equitable remedy
15 of a temporary restraining order.  Instead, legal remedies must
16 be plainly inadequate.  <u>See</u> <u>Los Angeles Memorial Coliseum Comm'n</u>
17 <u>v. NFL</u>, 634 F.2d 1197, 1202 (9th Cir. 1980).

18    Plaintiff's Application for Temporary Restraining Order is
19 no more helpful than his Complaint itself in demonstrating any
20 likelihood of irreparable injury, let alone a showing by clear
21 and convincing evidence that such an injury is likely.  While
22 Plaintiff notes specifically that the dollar value of the loss of
23 his home can be calculated, he nonetheless goes on to argue that
24 "the home inherently is not replaceable" and that he consequently
25 is facing irreparable harm.  As support for that proposition,
26 Plaintiff cites the status of the property as "the family home"
27 and goes on to opine that "the property is absolutely unique."
28 Pl.'s Appl., 3:25-28.

4

Although Plaintiff cites to his declaration as substantiation for that proposition, that declaration indicates only that Plaintiff will "suffer greatly", and sustain "an irreparable harm because money will not replace my home". Decl. Of Arnulfo Avila-Martinez, 2: 8-9. Beyond the conclusory statement that money will not satisfy his losses, Plaintiff's declaration in fact contains no support whatsoever for his claim that the home is "absolutely unique" and therefore not amenable to money damages. Such circular reasoning cannot satisfy the stringent threshold for granting emergency injunctive relief.

 The points and authorities submitted in support of the application are no more convincing. Counsel states flatly that "losing one's home through foreclosure is an irreparable injury". Pl.'s Appl., 7: 1-3. The case cited for that proposition, however, Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296 (E.D. Cal. 2009) is not only not binding on the undersigned but unavailing in any event. Alcaraz in fact rejected the plaintiff's proposition that foreclosure of a home is a conclusively irreparable harm. Judge O'Neill instead noted only that "loss of a home is a serious injury" and went on to deny the requested preliminary injunctive relief. Id. at 1301-02. He never made any finding that loss of a home through foreclosure is, per se, an irreparable injury, as Plaintiff would appear to represent. Plaintiff's reliance on Alcaraz is therefore not only misplaced because the case is not binding precedent on this Court, but also fundamentally misleading because Alcaraz fails in the end to even stand for the proposition for which it was cited.
///

5

1  In sum, Plaintiff has failed to demonstrate any likelihood
2 of irreparable injury either in his Complaint or in his
3 Application for injunctive relief, as he must in order to qualify
4 for a temporary restraining order.  Plaintiff's Ex Parte
5 Application (ECF No. 10) is accordingly DENIED.[1]
6  IT IS SO ORDERED.

Dated: August 31, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court determined that oral argument was not of material assistance, it adjudicated this matter on the papers alone in accordance with Eastern District Local Rule 230(g).